lodged proposed order

1  ANDRÉ BIROTTE, JR.
   United States Attorney
2  LEON W. WEIDMAN
   Assistant United States Attorney
3  Chief, Civil Division
   ZORAN J. SEGINA
4  Assistant United States Attorney (CBN 129676)
        Federal Building, Suite 7516AA
5       300 North Los Angeles Street
        Los Angeles, California 90012
6       Telephone: (213) 894-6606
        Facsimile: (213) 894-5900
7       E-mail: zoran.segina@usdoj.gov

8  Attorneys for Plaintiff
   United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,            No. SACV 13-1145 JVS (PLAx)

          Plaintiff,                 [SACR 05-0036-JVS]

     v.                              NOTICE OF REQUEST AND REQUEST
                                     FOR SELECTION OF A UNITED
KENNETH KETNER,                      STATES MAGISTRATE JUDGE TO SET
                                     A DATE FOR A JUDGMENT DEBTOR
          Defendant.                 EXAMINATION IN A CRIMINAL
                                     CASE; APPLICATION FOR ORDER
                                     FOR APPEARANCE OF JUDGMENT
                                     DEBTOR; DECLARATION OF
                                     ASSISTANT UNITED STATES
                                     ATTORNEY ZORAN J. SEGINA;
                                     [PROPOSED] ORDER.

///
///
///
///
///

The United States of America respectfully requests that a United States Magistrate Judge be selected in this matter to set a date for a judgment debtor examination in the subject criminal case. This request is based on the Application for Order for Appearance of Judgment Debtor, and the declaration of Assistant United States Attorney Zoran J. Segina filed concurrently herewith.

**APPLICATION FOR ORDER FOR APPEARANCE OF JUDGMENT DEBTOR**

On July 5, 2007, a Judgment and Commitment Order ("JCO") was entered in the above case, by which Defendant and Judgment Debtor Kenneth Ketner ("Judgment Debtor") was ordered to pay special assessment of $200.00, restitution of $9,274,246.00. A copy of the Judgment and Commitment Order is attached hereto.

As of today, payments of $20,925.00 by the Judgment Debtor have been credited toward the satisfaction of the JCO, leaving a total debt balance now owing of:

$_____0.00, as the unpaid special assessment,

$9,253,321.00, as the unpaid restitution,

$_____0.00, as the unpaid interest on the restitution,

$_____0.00, as the unpaid fine, and

$_____0.00, as the unpaid interest on the fine; for the total amount of $9,253,321.00. Segina Declaration, para. 3.

The United States hereby applies for an order requiring the Judgment Debtor to appear <u>no earlier</u> than September 9, 2013, to produce information to aid in the enforcement of the JCO, including the documents or objects on the attached list, pursuant to Rule 69 of the Fed. R. Civ. P. and Section 708.110 of the California Code of Civil Procedure. The Judgment Debtor

-1-

resides in the County of Los Angeles within 150 miles of the place of examination. There has been no previous examination of the Judgment Debtor within the last four months.

No bond to stay execution on appeal has been filed on behalf of the Judgment Debtor. Segina Decl. para. 4.

Dates: July 24, 2013.
Respectfully submitted,

ANDRÉ BIROTTE, JR.
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division

_____
ZORAN J. SEGINA
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

DECLARATION OF ZORAN J. SEGINA

I, ZORAN J. SEGINA, Assistant United States Attorney, do hereby declare:

1. I am an attorney at law duly licensed to practice before all courts of the State of California and this Court. I am an Assistant U.S. Attorney in the Financial Litigation Unit of the Civil Division of the United States Attorney's Office for the Central District of California. I am an attorney for plaintiff, United States of America. I reviewed the files pertaining to this matter which are kept in the ordinary course of business in the Financial Litigation Unit of the Civil Division of the United States Attorney's Office for the Central District of California. If called as a witness I could, and would, competently testify thereto before this Court.

2. On July 5, 2007, a Judgment and Commitment Order was entered in the subject criminal case, by which the Judgment Debtor was ordered to pay a special assessment of $200.00, and restitution of $9,274,246.00. A copy of the Judgment and Commitment Order is attached hereto.

3. Payments of $20,925.00 have been credited against this judgment, leaving a total debt balance now owing of

$            0.00, as the unpaid special assessment,
$ 9,253,321.00, as the unpaid restitution,
$            0.00, as the interest on the restitution,
$            0.00, as the unpaid fine, and
$            0.00, as the interest on the fine;

for the total amount of $9,253,321.00.

4.  The Judgment Debtor resides in the County of Los Angeles within 150 miles of the place of examination.  There has been no previous examination of the Judgment Debtor within the last four months.  No bond to stay execution on appeal has been filed on behalf of the Judgment Debtor.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on July 24, 2013, at Los Angeles, California.

_____
ZORAN J. SEGINA

**LIST OF DOCUMENTS REQUESTED**

Twenty categories of documents are requested, as follows:

1. Bank statements for the past 24 months from all banks, or other financial institutions, where you, or your spouse, have an account of any kind.

2. Business records for the present year and past calendar year which reflects assets, liabilities, gross receipt and expenses for any sole proprietorship, partnership or corporation in which you, or your spouse, own any interest.

3. Bank statements for the past 24 months from all banks or other financial institutions, where any sole proprietorship, partnership, or corporation in which you, or your spouse, own any interest, has an account of any kind.

4. All trust agreements in which you, or your spouse, are named trustor, trustee or beneficiary.

5. All deeds, leases, contracts, and other documents representing any ownership interest you, or your spouse, have in any real property, and all deeds of trust, mortgages, or other documents evidencing encumbrances of any kind on your real property.

6. All stocks, bonds, or other securities of any class you may own, by you separately or jointly with others, including options to purchase any securities.

7. Titles and registration certificates to all motor vehicles, aircraft and watercraft owned by you or your spouse.

8. All life insurance policies in which you are either the insured or the beneficiary.

///

9. All promissory notes held by you or your spouse, and all other documents evidencing any money owed to you or your spouse either now or in the future.

10. All deeds, bills of sale or other documents prepared or used in connection with any transfer of real property or personal property made by you, either by gift, sales, or otherwise within the last five years.

11. Books of deposit, passbooks or other documents setting forth all deposits or receipts made by you or for your benefit in any savings and loan accounts, certificates of deposit or checking or other bank accounts for the past three years.

12. Books of deposit, cancelled checks, bank statements, check registers and other documents setting forth all disbursements made by you from any savings accounts, savings and loan accounts, certificates of deposit or checking accounts.

13. Copies of all financial statements and loan applications submitted by you within the last five years for the purpose of obtaining credit.

14. Payroll records and records of earnings showing all earnings of and sums received by you for the past three years. Said record is to include salary, bonuses, expense account, automobile reimbursement, and other things of value received by you. Said record should detail each pay period for gross earnings and all deductions from said gross earnings.

15. Documents concerning any income received or receivable by you from any source whatsoever other than current earnings for the past three years.

///

16. Records of all sums on deposit to your credit in a credit union and/or any company savings account or plan of any type or description.

17. All records and court papers concerning any lawsuits in which you are involved in any manner.

18. Your federal and state income tax returns, including W-2 Forms and supporting schedules, for the past three years.

19. All documents in the possession of under your control tending to establish your monthly expenses for the following: rent, food and household supplies, utilities, telephone, laundry and cleaning, clothing, medical, dental, insurance (life, healthy, accident, etc.), school, entertainment, incidentals, transportation, auto expenses, (insurance, gas, oil, repair, etc.) and installment payments, including cancelled checks showing payments of said charges, any and all bills, receipts, charge account statements and charge account receipts directly relating to said expenditures.

20. All financial statements for yourself, any member of your immediate family, or any business or partnership in which you have any ownership interest, filed or created from during the last five years.

## United States District Court
## Central District of California

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No. | SACR 05-00036-JVS |
| **Defendant** Kenneth Ketner | Social Security No. | 5  3  2  9 |
| akas: Kenneth Christopher Ketner; Paul Hernandez; Kenneth Wood | (Last 4 digits) | |

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| JULY | 02 | 2007 |

**COUNSEL** ☐ WITH COUNSEL   Terry Bird / Benjamin Gluck, retained
(Name of Counsel)

**PLEA** ☒ GUILTY, and the court being satisfied that there is a factual basis for the plea.   ☐ NOLO CONTENDERE   ☐ NOT GUILTY

**FINDING** There being a finding/verdict of ☒ GUILTY, defendant has been convicted as charged of the offense(s) of:
Wire Fraud in violation of Title 18 U.S.C. 1343 as charged in Count Nine of the Indictment and Engaging in Monetary transactions in Property Derived from Specified Unlawful Activities in violation of Title 18 U.S.C. 1957 as charged in Count Sixteen of the Indictment.

**JUDGMENT AND PROB/ COMM ORDER** The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court; the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of

**fifty-seven (57) months.** This term consists of fifty-seven (57) months on each of counts 9 and 16 of the Indictment, all such terms to be served concurrently.

It is ordered that the defendant shall pay to the United States a special assessment of $200, which is due immediately.

It is ordered that the defendant shall pay restitution in the total amount of $9,274,246.00 pursuant to 18 U.S.C. § 3663A. Defendant shall pay restitution in the amount ordered to victims as set forth in a separate victim list prepared by the probation office which this Court adopts and which reflects the Court's determination of the amount of restitution due to each victim. The victim list, which shall be forwarded to the fiscal section of the clerk's office, shall remain confidential to protect the privacy interests of the victims.

If the defendant makes a partial payment, each payee shall receive approximately proportional payment unless another priority order or percentage payment is specified in this judgment.

The defendant shall be held jointly and severally liable with codefendant Allen Johnson, for the amount of restitution ordered in this judgment.

A partial payment of $75,000 shall be paid immediately. The balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, monthly payments of at least $10,000 shall be made during the period of supervised release. These payments shall begin 30 days after the commencement of supervision. Nominal restitution payments are ordered as the court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §

| USA vs. Kenneth Ketner | Docket No.: SACR 05-00036-JVS |
|---|---|

3612(g). The defendant shall comply with General Order No. 01-05.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of three years. This term consists of three years on each of Counts 9 and 16 of the Indictment, all such terms to run concurrently with each other, under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

3. The defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, saliva and/or sweat patch testing, as directed by the Probation Officer. The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision;

4. During the course of supervision, the Probation Officer, with the agreement of the defendant and defense counsel, may place the defendant in a residential drug treatment program approved by the United States Probation Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if the defendant has reverted to the use of drugs, and the defendant shall reside in the treatment program until discharged by the Program Director and Probation Officer;

5. As directed by the Probation Officer, the defendant shall pay all or part of the costs of treating the defendant's drug dependency/alcohol dependency to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672. The defendant shall provide payment and proof of payment as directed by the Probation Officer;

6. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, without the prior written approval of the Probation Officer; nor shall the defendant use, for any purpose or in any manner, any name other than his/her true legal name;

7. The defendant shall not participate in any form of gambling activities, or have anyone else participate on his behalf. Further, the defendant shall not enter any establishment where gambling is the primary business purpose;

8. During the period of community supervision the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

9. As directed by the Probation Officer, the defendant shall apply monies received from income tax refunds, lottery winnings, inheritance, judgements and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation; and,

10. The defendant shall cooperate in the collection of a DNA sample from the defendant.

The Court authorizes the Probation Office to disclose the Presentence Report to the substance abuse treatment provider

| USA vs. | Kenneth Ketner | Docket No.: | SACR 05-00036-JVS |
|---|---|---|---|

to facilitate the defendant's treatment for narcotic addiction or drug dependency. Further redisclosure of the Presentence Report by the treatment provider is prohibited without the consent of the sentencing judge.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12:00 noon, on August 27, 2007. In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at: United States Court House, 411 West Fourth Street, Santa Ana, California 92701-4516.

The Court orders the defendant's bond exonerated upon his surrender.

The Court recommends placement at the camp at Taft or Lompoc, if available, failing those availabilities the Court recommends placement at a camp in the Southern California area.

The Court further recommends placement in the 500 hour drug treatment program.

The Court grants the government's motion to dismiss the remaining counts of the indictment as to this defendant.

The defendant is informed of his right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

July 5, 2007
Date

*James V. Selna*
James V. Selna
U. S. District Judge

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Sherri R. Carter, Clerk

July 5, 2007
Filed Date

By   *Karla J. Tunis*
Deputy Clerk

| USA vs. | Kenneth Ketner | Docket No.: | SACR 05-00036-JVS |
|---|---|---|---|

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

X    The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
   Private victims (individual and corporate),
   Providers of compensation to private victims,
   The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

| USA vs. Kenneth Ketner | Docket No.: SACR 05-00036-JVS |
|---|---|

-12-

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

USA vs. Kenneth Ketner     Docket No.: SACR 05-00036-JVS

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

Date      Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

Filed Date      Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____
Defendant      Date

_____
U. S. Probation Officer/Designated Witness      Date

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

**SACV13- 1145 JVS (PLAx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [ ] Eastern Division |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY